# EXHIBIT 1

No. 201/08

                                                                                     1955/05
                                                                                         1716
                                                                                           392
                                                                                             2

Exempt from stamp duty in accordance with Italian Law 488/99

[Italian Republic logo]

**PARMA LAW COURT**

THE ITALIAN REPUBLIC

**IN THE NAME OF THE ITALIAN PEOPLE**

Parma Court of Law, consisting of the following Judges:

| | |
|---|---|
| Dr. Stellario BRUNO | Chairman Judge |
| Dr. Giuseppe COSCIONI | Reporting Judge |
| Dr. Giampaolo FABBRIZZI | Judge |

has passed the following

## JUDGEMENT

In the case of objection to the liabilities' list promoted by:

ABN AMRO BANK N.V., represented by the pro tempore legal representative, represented and defended within these proceedings by Attorney Umberto Serra, Attorney Cesare Vecchio and Attorney Giuseppe Curtò, with domicile selected for these purposes at the offices of Attorney Umberto Serra in Parma,

                                                                                      **PLAINTIFF**

against

PARMALAT S.p.a. under EXTRAORDINARY ADMINISTRATION, represented by the Extraordinary Commissioner, represented and defended within these proceedings by Attorney Raffaella

[signature]

Sarti, Attorney Umberto Tracanella, Attorney Eduardo Spano and Attorney Giuseppe Maggioni, as per the power of representation in the margins of the statement of response, with domicile selected for these purposes at the offices of Attorney Raffaella Sarti in Parma,

DEFENDANT

The case being registered at no. 1955/05 of the General Register, the assigning of a sentence/decision having been set for the hearing on October 24, 2007, after the Attorneys of the parties have presented the following pleadings:

The Attorneys of the Plaintiff concluded as follows:

"Abn Amro Bank NV, represented and defended as specified above, asks for the acceptance of the following conclusions: In terms of the merit of the case: - admit Abn Amro Bank NV among the creditors of Parmalat S.p.a. under Extraordinary Administration proceeding in an unsecured manner for a total of 8,071,025.00 euro.

As a preliminary evidentiary measure:

order an official technical consultancy aimed at confirming the following: i) the delivery dates (from the ABN Italy, the ABN New York and the ABN Brazil IT system), the route through one or more network service providers and the dates in which they passed through these network service providers

2

[signature]

   for all the email messages produced within the case as Attachments 6 and 9 attached to the appeal for the objection to the liabilities' list; and

(ii) the functioning of the IT system used by ABN from which the documents produced as Attachments 7 and 8 attached to the appeal for the objection to the liabilities' list were extracted and, to be more specific, the impossibility of modifying or, in any case, the high level of objectivity, of the data inserted in this IT system.

In order to allow the Official Technical Consultant (CTU) appointed to carry out the analysis required, ABN hereby asks that the Court, among other things:

(a) authorize the Official Technical Consultant (CTU) to access the IT systems of ABN Italy, ABN New York, ABN Brazil and Parmalat SpA and to acquire copies, including IT copies, of the emails produced within the case as Attachments 6 and 9 attached to the appeal for the objection to the liabilities' list;

(b) authorize the Official Technical Consultant (CTU) to access the IT systems of the network service provider(s) through which the emails produced within the case as Attachments 6 and 9 attached to the appeal for the objection to the liabilities' list passed and at which copies are (necessarily) kept and to acquire these copies, including IT copies;

(c) order the Official Technical Consultant to analyze the headers generated automatically by the various different IT systems for sending, receiving and transferring the emails produced within the case as Attachments 6 and 9 attached to the appeal for the objection to the liabilities' list; and

(d) order the Official Technical Consultant to access and analyze the functioning and the operating and technical characteristics of the ABN New York IT system;

**to order, in accordance with art. 210 of the Italian Code of Civil Procedure**

(a) the Parmalat SpA under Extraordinary Administration (EA) Proceedings to exhibit **details about the guarantees issued by Parmalat SpA in place** on the date of the insolvency of Parmalat SpA and every other document used by the Extraordinary Commissioner to establish and indicate, within the Restructuring Program, the overall value of the guarantees issued by Parmalat

           [signature]          3

SpA as 9,679 million euro and, to be more specific, **details or every other document which made it possible to establish the value of the "Promissory notes" guarantees as 826.7 million euro;** and also

(b) the Proceeding, the Prosecutor's Office of the Italian Republic at Milan Law Court and the Chairman of the Board of Judges before whom criminal proceedings RG (General Register) 12473/04 are pending to exhibit **the working files and papers of the audit company Grant Thornton on the basis of which the consolidated accounting prospectus of Parmalat Finanziaria S.p.A. as of June 30, 2003 was certified,** files and papers which are in the case folder for the criminal proceedings RG (General Register) 12473/04;

**to admit the following testimonial proof sections:**

1. It being true that, on March 14, 2003, Ms. Giorgia Bocchi, an employee of the company Parmalat S.p.A., sent, from her own email account within the Parmalat IT system (giorgia.bocchi@parmalat.net), an email message (exhibited) to Ms. Tamara Cavallucci, at the address tamara.cavallucci@it.abnamro.com, confirming the acceptance by Parmalat S.p.A. of the format for the promissory note issued by Wishaw Trading S.A. to the benefit of the supplier Archer Daniels Midland Company and the relative guarantee backed by Parmalat S.p.A., as drafted by ABN.

2. It being true that, on March 17, 2003, Ms. Tamara Cavallucci of Abn, Milan branch, sent, from her own email account within the ABN IT system, tamara.cavallucci@it.abnamro.com, an email message (exhibited) to Ms. Margaret Sirovatka, Margaret.Sirovatka@us.abnamro.com, containing an English translation of the email message specified in section 1 above.

3. It being true that, on March 10, 2003, Ms. Angela Noique of ABN, New York branch, sent, from her own email account within the ABN IT system,

4

[signature]

(angela.noique@abnamro.com), to Ms. Tamara Cavallucci and Ms. Loredana Quintadamo, at the email addresses tamara.cavallucci@it.abnamro.com and loredana.quintadamo@it.abnamro.com, with CC copies sent to Mr. Terrence Ward, Ms. Margaret Sirovatka and Mr. John Curch, at the addresses Terrence.Ward@us.abnamro.com, Margaret.Sirovatka@us.abnamro.com and John.Curch@us.abnamro.com, an email message (exhibited) which states that Ms. Margaret Sirovatka had obtained confirmation from Archer Daniels Midland Company with regard to the possibility of asking Parmalat to include, within the formulation of the guarantee backed by Parmalat S.p.A., of a part concerning the "Country Event Risk" and the "New Money Credit Event".

With regard to testimonial proof section 1, we call the following to testify: Ms. **Giorgia Bocchi,** with domicile at Parmalat S.p.A. under Extraordinary Administration, Via Oreste Grassi, Collecchio (Parma). With regard to testimonial proof section 2, we call the following to testify: Ms. **Tamara Cavallucci,** with domicile at the Milan branch of ABN, Via Ludovisi, 16, Milan. With regard to testimonial proof section 3, we call the following to testify: Ms. **Angela Noique,** with domicile at the New York branch of ABN, Credit Portfolio Management department.

With the losing party covering the expenses, fees and duties.

(initials)

5

The Attorneys of the Defendant concluded as follows:

"That this Court, having rejected every contrary claim and/or action, in terms of the merit of the case, rejects the objection of the other party (Plaintiff) proposed for all the reasons specified in the defense deeds and, due to this, confirms the exclusion from liabilities of Parmalat S.p.a. under EA of the amount requested by ABN Amro Bank N.V, with the losing party covering the case expenses, fees and duties."

## HOW THE PROCEEDINGS HAVE PROGRESSED

With an appeal in accordance with art. 99 of Italian Royal Decree (RD) 267/42, Abn Amro Bank made an objection to the exclusion of its credits from the liabilities of Parmalat S.p.A. under EA, following a ruling by Parma Law Court dated 12/16/2004, asking for the admission of the credit claimed.

As the basis of its request, the objecting party claimed that it provided Wishaw Trading S.A. with financing for a total of USD 10,000,000.00, financing which was used by Wishaw by means of the issuing, on March 27, 2003, of a promissory note guaranteed as backing by Parmalat S.p.a.

The Judge Appointed had excluded the request to be admitted among the credits by Abn Amro Bank, finding that the documents produced by the objecting party were

6

[signature]

without a certain date; this conclusion was incorrect as the applicable law was the law of the State of New York, with the resulting inapplicability of art. 2704 of the Italian Civil Code and art. 45 of the Italian Bankruptcy Law (LF); in the light of the documents which were produced, the requirement of the certainty of the date existed, in any case.

The party against whom the objection was made, Parmalat S.p.A. under EA, appeared, contesting the claims of the other party and asking for the rejection of the objection made by the other party and the confirmation of the exclusion decree objected to.

After the filing of the briefs in accordance with arts. 180, 183 and 184, the objecting party insisted for the admission of the oral proof claimed in the introductory deed and in the evidentiary brief; with a ruling dated 12/07/2006, quashing the reservation, the Proceeding Judge rejected the appeal for the admission of proof made by the objecting party and set a hearing on 10/24/2007 for the establishing of the pleadings.

The parties made their pleadings and, at the hearing on October 24, 2007, the case was assigned to decision.

## REASONS FOR THE DECISION

The request of the objecting party has no grounds and, therefore, must be rejected.

Indeed, with regard to the applicable laws and standards, European Regulation 1346 of

7

[signature]

June 30, 2000 orders the application, to insolvency proceedings, of the law of the Member State in whose territory the proceeding itself was opened. Again on the basis of the Regulations, this Law ("*lex concursus*" - conditions for the opening, conduct and closure of insolvency proceedings) establishes - among other things – "the claims which are to be lodged against the debtor's estate and the treatment of claims arising after the opening of the insolvency proceedings, the rules governing the lodging, verification and admission of claims."

These certainly include the rules which relate to the merit of the non-objecting against the Administration proceeding and, therefore, the inadmissibility of these within the Liabilities of the same deeds and documents without a certain date; to be more specific, because they are dictated to protect the mass of creditors as a whole, articles 44 and 45 of the Italian Bankruptcy Law (LF) and art. 2704 of the Italian Civil Code must be considered to make up the *lex concursus* and are, therefore, applicable to this case here.

With regard, then, to the position of the Extraordinary Commissioner, there may be no doubt about the fact that he, like the Bankruptcy Receiver, must be considered as a third party with respect to the creditors who request admission among the liabilities and with respect to the bankrupt party, for all the deeds and the negotiations carried out by the company *in bonis* (when solvent); for this very reason, those who expect to claim a credit

8

[signature]

against the insolvency proceeding must demonstrate the certainty of the date on which this credit arose in accordance with article 2704 of the Italian Civil Code (see, for example: Judgement of the Supreme Court of Cassation, September 22, 2004, no. 18998; Judgement of the Supreme Court of Cassation, June 4, 2003, no. 8914; Judgement of the Supreme Court of Cassation, Section I, May 28, 2003, no. 8545; Judgement of the Supreme Court of Cassation, Section I, July 20, 2000, no. 9539, in *Giust. Civ.* [Civil Law], Mass. 2000, 1580; Judgement of the Supreme Court of Cassation, February 8, 2000, no. 1370, in *Giust. Civ.* [Civil Law], Mass. 2000, 269; Judgement of the Supreme Court of Cassation, May 6, 1998, no. 4551, in *Giust. Civ.* [Civil Law], Mass. 1998, 945).

In accordance with art. 45 of the Italian Bankruptcy Law (LF) and art. 2704 of the Italian Civil Code, a non-authenticated private agreement may only be objected to with regard to the bankruptcy procedure (in this case, the Extraordinary Administration) if it has a certain date; to be more specific, art. 2704 of the Italian Civil Code, in ordering that the certainty of the date of a private agreement (not registered or authenticated) must be considered to be in place with respect to the third parties from the day on which a fact other than the events specifically envisaged therein occurs, which established the prior nature of the formation of the document in an equally certain manner, leaves it to the interpreter to decide, case by case, if equal probative weight can be assigned to a fact.

9

[signature]

Art. 2704 of the Italian Civil Code, then, provides three examples of legal deed/document: the authentication of the signing of the agreement, the registration of the agreement and the reproduction of the agreement in a public deed/document; in all three cases, what is of importance is not the original date of the primitive document but the subsequent date of the legal deed/document which gives the document a certain date.

It must be pointed out, then, that the application of art. 2704 of the Italian Civil Code has to be especially rigorous as the law in question aims to protect settlement creditors in the precise case - which is statistically frequent - in which the debtor, despite the opening of the insolvency proceedings, carries out actions relating to the disposal of its assets or takes on obligations.

With regard to the merit of this case, none of the documents produced during the proceedings report a declaration, a date and a signature of a public officer.

Another of the main arguments of the defense team for the objecting party is the email messages extracted from the ABN database which record the date relative to the operations concluded by the bank with its clients; however, what prevents us from finding that these emails comply with the requirement of the "certain date" is the content of the

10

[signature]

emails themselves, given that, in them, the reference to guarantees provided by Parmalat S.p.a. is extremely generic (which guarantee? for which operation?), so technical consultancy on the matter would also be of no significance.

Furthermore, not even the further documentation produced by the plaintiff during the objection stage provides the proof required for the admission of the claimed credit among the liabilities.

There is, in fact, no basis on which to believe that the promissory note, the guarantee, and the letters among the deeds were actually written on the dates specified on them while, with regard to the fax, the date can be modified by the user.

As no proof has been provided that the guarantees covered by this case were formed on a date prior to the date of the opening of the settlement procedure, the request of the plaintiff cannot be accepted.

With regard to the evidentiary requests re-proposed by the objecting party during the pleading stage, it must be pointed out that the proof by means of witnesses claimed by the objecting party cannot be admitted as the facts for unequivocally establishing the certainty of the date of a non-authenticated private agreement and, therefore,

11

[signature]

the prior nature of the formation of the document, so that it can be objected to with regard to the third parties, in accordance with art. 2704 of the Italian Civil Code, cannot be the subject of testimonial proof (see Court of Cassation, No. 3742/86; Court of Cassation 12/12/1974, no. 4235; Court of Cassation 6/9/1972, no. 1806); this principle, as has been seen, finds its logic and legal grounds in the regulations of art. 2704 of the Italian Civil Code which, by establishing that the date of a private agreement, not authenticated, can only be verified, with respect to the third parties, with registration or by means of the equivalent situations and facts, specified by clause 1, including all those facts which can establish the prior nature of the formation of the document, implicitly excludes testimonial proof (Court of Cassation, May 9, 1962, no. 931), with the consequent inadmissibility also for the case in which it deals with direct and immediate verification of these facts, instrumentally with regard to the verification of the date ("Although testimonial proof may be admitted and, therefore, by presumption, to demonstrate the date of the intervening physical impossibility of one of the signers of the document or the date of the registration or the death, when the public records have been destroyed or lost, and these means of proof can also be invoked in order to

12

[signature]

demonstrate one of the other facts or events which can be used to show, in an equally certain manner, that the document was formed before that fact or event, testimonial proof is not admitted and, therefore, by presumption, to verify the date of the private agreement not authenticated with third parties" (Court of Cassation, June 28, 1963, no. 1760).

The request for exhibition also appears to be totally without significance, given that the reconstructions made by the Extraordinary Commissioner or by audit companies not immediately subsequent to the opening of the Extraordinary Administration procedure could not, in any case, provide the proof of the certain date, this only being able to show that, on the date of the reconstruction, there was the mention of a guarantee, but it cannot prove anything with regard to when this was formed.

Expenses covered by the losing party.

FOR THESE REASONS

The Court, with a definitive ruling, rejecting all contrary or different appeals and claims, decides as follows:

A) rejects the objection;

B) orders the objecting party to pay the case expenses in favor of the defendant, at € 18,400.00, that is, € 200.00 for expenses, € 2,200.00 for

13

[signature]

duties and € 16,000.00 for fees, as well as reimbursement of general expenses, VAT and Lawyers Social Security Fund (CPA) contributions.

Parma, February 4, 2008

    The Reporting Judge              The Chairman Judge

    Dr. Giuseppe COSCIONI         Dr. Stellario BRUNO

    [signature]                            [signature]

    [illegible Court stamp]

    [various initials]

    [illegible Court stamp]

    [illegible Court stamp]
    3.10 Euro duties paid
    FEB. 15, 2008
    SIGNATURE [initials]