**EXHIBIT 6**

Westlaw.

**International Insolvency**
**2001**
Federal Judicial Center
Judge Samuel L. Bufford FNa , Judge Louise DeCarl Adler FNb , Judge
Sidney B. Brooks FNc , Judge Marcia S. Krieger FNd
**IV. International Conventions And Other Sources Of International Bankruptcy**
**Law**
**C. European Union Regulation on Insolvency Proceedings**
1. Jurisdiction and Choice of Law FN473

   Chapter I of the EU Regulation (articles 1-15) provides for jurisdiction to open main insolvency proceedings and secondary insolvency proceedings. Like the Model Law, FN474 the EU Regulation recognizes two types of proceedings: a main proceeding that may affect all creditors and property of the debtor, FN475 and a secondary proceeding that affects only creditors and property of the debtor that are located in a country different from that where a main proceeding may be filed. FN476 The EU Regulation also provides uniform choice-of-law rules to determine the governing law for issues arising in a transnational insolvency proceeding, including the determination of the rights of foreign creditors and other parties in interest. FN477 In addition, the regulation provides special rules to protect particular kinds of local transactions from the full impact of insolvencies filed in other European Union countries. FN478

   A main proceeding must be opened in the member state where the center of main interests of the debtor is located. FN479 Any dispute between countries as to which proceeding qualifies as the main proceeding is to be decided by the first court to open proceedings. FN480

   The concept of "center of main interests" is new for EU law and the law of its member states. The EU Regulation explains it in part as follows: "In the case of a company or legal person, the place of the registered office shall be presumed to be the centre of its main interests in the absence of proof to the contrary." FN481 In addition, the preamble explains, the "centre of main interests" should correspond to the place where the debtor conducts the administration of his interests on a regular basis and is therefore ascertainable by third parties. FN482 For an individual, presumably the center of main interests is the individual's domicile or habitual residence.

   The EU Regulation will apply only to debtors whose center of main interests is located in a European Union member state. FN483 The EU Regulation is not applicable where the center of main interests is located outside the European Union. FN484

   Except where the EU Regulation provides otherwise, a main proceeding is governed by the internal laws of the member state where the proceeding is initiated. FN485 Thus the laws of that state determine all matters of procedure and most matters of substantive law. FN486

   However, the opening of a main proceeding does not affect the *in rem* rights of secured creditors FN487 or real property purchasers FN488 in other countries within the EU because these rights are important to creditors in granting credit. FN489 These *in rem* rights include the right to foreclose and the right to enforce guarantees of indebtedness. FN490 While creditors can be expected to consider national law in deciding to grant credit, it would be unreasonable to require them to foresee the impact of foreign insolvency proceedings as well. In consequence, the law of the situs governs *in rem* rights, including security interests. FN491

Copr. © 2008 The American Law Institute.

The EU wants to protect employees and jobs. FN492 Thus, both individual employment contracts and collective bargaining agreements are governed by non-insolvency law, including applicable choice-of-law rules. FN493 In contrast, avoidance actions are governed by the law of the state where the insolvency is filed. FN494 The effect of an insolvency case on a pending lawsuit is governed by the law of the country where the lawsuit is pending. FN495

FNa Central District of California.

FNb Southern District of California.

FNc District of Colorado.

FNd District of Colorado.

FN473 Because the civil law in each European Union country (except Great Britain) is unified (i.e., there is one legal regime throughout the country), a choice-of-law issue is a question of which country provides the applicable law. Thus choice of law in the international arena is known as "international private law."

FN474 *See supra* text accompanying notes 323-97.

FN475 *See* EU Reg., art. 3(1), pmbl. para. 12.

FN476 *See id.* art. 3(2)-(3), pmbl. para. 12.

FN477 *See id.* art. 4.

FN478 *See id.* arts. 5-11, 14-15.

FN479 *See id.* art. 3(1), pmbl. para. 12. United States law does not follow this rule. *See supra* text accompanying notes 264-72. The EU Regulation would not interfere with the assertion of jurisdiction by a U.S. court over a debtor whose center of main interests is located in the European Union because the EU Regulation does not apply where the proceeding is outside the EU member states. *See* Fletcher I, *supra* note 457, at 35-36.

FN480 *See* EU Reg., pmbl. para. 22.

FN481 *See id.* art. 3(1).

FN482 *See id.* pmbl. para. 13.

FN483 *See id.* pmbl. para. 14.

FN484 *See* Fletcher I, *supra* note 457, at 54.

FN485 *See* EU Reg., art. 4, pmbl. para. 23. On the choice-of-law provisions in the EU Regulation, *see* Ian F. Fletcher, *The European Union Convention on Insolvency Proceedings: Choice-of-Law Provisions*, 33 Tex. Int'l L.J. 119 (1998) [hereinafter Fletcher II]; Nick Segal, *The Choice of Law Provisions in the European Union Convention on Insolvency Proceedings*, 23 Brook. J. Int'l L. 57 (1997) [hereinafter Segal].

FN486 *See* Fletcher II, *supra* note 485, at 138.

Copr. © 2008 The American Law Institute.

INTINSOLV IV.C.1                                                          Page 3
International Insolvency IV.C.1


FN487 *See* EU Reg., arts. 5, 11.

FN488 *See id.* art. 14.

FN489 *See id.* pmbl. para. 25.

FN490 *See id.* art. 5(2).

FN491 *See* Segal, *supra* note 485, at 62-65; Fletcher II, *supra* note 485, at 128-31. The law of the situs also governs enforcement actions of security interests based on floating charges. *See* Segal, at 62-65. Segal takes the position that the holder of security in collateral located outside the country where the insolvency proceeding is filed may ignore an automatic stay. *See id.* **at 63**. However, it is doubtful that the adoption of local law to govern *in rem* rights extends this far.

FN492 *See* EU Reg., pmbl. para. 28.

FN493 *See id.* art. 10.

FN494 *See* Segal, *supra* note 485, at 69.

FN495 *See* EU Reg., art. 15; Segal, *supra* note 485, at 73; Fletcher II, *supra* note 485, at 138.

INTINSOLV IV.C.1
END OF DOCUMENT

Copr. © 2008 The American Law Institute.