# EXHIBIT 8

Case 1:07-cv-07413-PKC   Document 19-11   Filed 06/03/2008   Page 1 of 5

## AFFIDAVIT OF AUTHENTICATION

STATE OF NEW YORK    )
                     )
COUNTY OF NEW YORK   )

Lawrence L. Ginsburg, being duly sworn, deposes and says:

1. I am an attorney admitted to practice in New York State. I am a member in good standing of the New York Bar.

2. From my personal observations, I confirm that annexed to this Affidavit of Authentication are true copies of the original:

    (a) Promissory Note dated March 27, 2003 in the amount of $9,999,999.91 [Number ADM-IS-01] made by Wishaw Trading S.A. and originally payable to Archer Daniels Midland Company; and

    (b) Guarantee (Per Aval) dated March 27, 2003 made by Parmalat S.p.A.

3. I also confirm that the original Note and Guarantee was a two-sided document -- which was endorsed to ABN AMRO Bank N.V. by Archer Daniels Midland Company.

_____
Lawrence L. Ginsburg

## ACKNOWLEDGMENT

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

On the 23rd day of March, 2004, before me, the undersigned, a Notary Public in and for said State, personally appeared Lawrence L. Ginsburg personally known to me or provided to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in her capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

State of New York
County of New York, ss.:

**№ 372370**  Form 1

I, NORMAN GOODMAN, County Clerk and Clerk of the Supreme Court of the State of New York, in and for the County of New York, a Court of Record, having by law a seal, DO HEREBY CERTIFY pursuant to the Executive Law of the State of New York, that

_Alberto J. Garcia_

whose name is subscribed to the annexed affidavit, deposition, certificate of acknowledgment or proof, was at the time of taking the same a NOTARY PUBLIC in and for the State of New York duly commissioned, sworn and qualified to act as such; that pursuant to law, a commission or a certificate of his official character, with his autograph signature has been filed in my office; that at the time of taking such proof, acknowledgment or oath, he was duly authorized to take the same; that I am well acquainted with the handwriting of such NOTARY PUBLIC or have compared the signature on the annexed instrument with his autograph signature deposited in my office, and I believe that such signature is genuine.

IN WITNESS WHEREOF, I have hereunto set my hand affixed my official seal this

MAR 3 0 2004

FEE PAID $3.00

_Carmen Rillman_
County Clerk and Clerk of the Supreme Court, New York County

DSN:221504.1/ABN003-217472

## PROMISSORY NOTE

March 27, 2003
US$ 9,999,999.91

NUMBER: ADM-IS-01

For value received, WISHAW TRADING S.A., a company duly organized and existing under the laws of the Republic of Uruguay, with principal offices located at Av. Millan, 4531 12.900 Montevideo, Uruguay, hereby unconditionally and irrevocably promises to pay to the order of Archer Daniels Midland Company the sum of US$ 9,999,999.91 (Nine Million Nine Hundred Ninety Nine Thousand Nine Hundred Ninety Nine United States Dollars and Ninety One Cents) in immediately available effective U.S. Dollars, on March 19, 2004 (the "Maturity Date") at the office of ABN Amro Bank N.V., 135 South LaSalle Street, Suite 760, Chicago, IL 60674-9135.

All payments under this Promissory Note shall be made without deduction or withholding for and free clear of any taxes, stamp taxes, levies, imposts or duties of any nature, present or future, unless such deduction or withholding is required by law, in which event the undersigned shall pay such additional amounts as shall result in the receipt by the recipient of such amounts as would have been received by it had no such deduction or withholding been required. Within 30 days after any payment of taxes, the undersigned will deliver to ABN Amro Bank N.V., Chicago, IL, U.S.A. the original or a certified copy of the tax receipt.

In the event that the principal amount of the Promissory Note is not paid in full when due, such unpaid principal amount shall carry interest from the due date thereof up to the date payment is received by the holder hereof (after as well as before judgement) at a rate of twelve percent per annum (12% p.a.) calculated on the basis of a year of 360 days and actual days elapsed.

The undersigned hereby waives all requirements as to diligence, presentment, demand of payment, protest and notice of any kind with respect to this Promissory Note. The failure of the holder hereof to exercise any of its rights hereunder in any instance shall not constitute a waiver thereof in that or in any other instance. The undersigned agrees to pay on demand all reasonable and documented costs and expenses of a holder of this Promissory Note that are incurred in connection with the enforcement of this Promissory Note, including without limitation reasonable and documented attorneys fees and expenses related thereto.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of New York, U.S.A. The undersigned hereby agrees that any legal action or proceeding relating to this Promissory Note may be brought in the Courts of the State of New York, U.S.A., located in New York, New York, or the United States of America for the Southern District in New York located in New York, New York.

The undersigned hereby knowingly, voluntarily and intentionally waives the right it may have to a trial by jury in respect to any action or proceeding arising out of, under or in connection with this Promissory Note. This provision is a material inducement for ABN Amro Bank N.V., Chicago, IL, U.S.A. making the credit evidenced by this Promissory Note.

WISHAW TRADING S.A.

_____
Name:
Title:

We, Parmalat SpA, Italy, certify that the above signature is that of Mr. Andrea Ventura who is empowered to contractually obligate Wishaw Trading S.A.

_____
Name: CALISTO TANZI
Title: CHAIRMAN

# GUARANTEE
(Per Aval)

March 27, 2003

FOR VALUE RECEIVED, the undersigned, PARMALAT S.P.A. (the "*Guarantor*"), a corporation and existing under the laws of Italy, with principal offices located at Via Oreste Grassi, 26, 43.044 Collechio, Parma, Italia, hereby irrevocably and unconditionally guarantees, as primary obligor and not merely as surety, the prompt payment in full when and as due of all amounts payable under this Promissory Note in accordance with its terms, free of any taxes, stamp taxes, imposts or duties, present or future, imposed by the Italian or any other government or any political subdivision thereof. The Guarantor hereby waives all requirements as to diligence, presentment, demand of payment, protest and notice of any kind with respect to this Promissory Note and any requirement that the holder exhausts any right or takes any action against the maker of this Promissory Note. The obligations of the Guarantor are continuing, absolute and unconditional, irrespective of the genuineness, validity, irregularity, enforceability or value of this Promissory Note, or of the occurrence of any "Country Risk Event" or "New Money Credit Event," or of any other circumstance which might otherwise constitute a legal or equitable discharge or defense of a surety or a guarantor, all of which are hereby expressly waived. "Country Risk Event" shall mean (a) the adoption of any law, rule or regulation or the action or failure of action by any authority (*de jure or de facto*) in the country of the maker of this Promissory Note which (i) changes the obligations of such maker under this Promissory Note, (ii) changes the ownership of control by such maker of its business or assets or (iii) prevents or restricts the conversion into or transfer of the agreed currency of this Promissory Note; or (b) the occurrence of any *force majeure* or similar event which, directly or indirectly, prevents or restricts the payment or transfer in the agreed currency of any amounts owing under this Promissory Note into an account designated by the holder of this Promissory Note or the free availability of such payments to the holder of this Promissory Note. "New Money Credit Event" shall mean the adoption of any law, rule or regulation or the action or requirement of any authority (*de jure or de facto*) in such maker's country pursuant to which the holder of this Promissory Note must increase its extension to such maker. This is a guaranty of payment and not a guaranty of collection. In addition to the foregoing, the Guarantor hereby agrees to indemnify the holder of this Promissory Note against any liability, loss, cost or expense to the holder arising from any New Money Credit Event. This guarantee shall be enforceable notwithstanding any legal limitation, disability, incapacity or other circumstance relating to the maker of this Promissory Note. This guarantee shall be governed by and construed in accordance with the laws of the State of New York, U.S.A. The Guarantor hereby agrees that any legal action or proceedings relating to this guarantee may be brought in the Courts of the State of New York, U.S.A., located in New York, New York or of the United States of America for the Southern District in New York, U.S.A., located in New York, New York.

PARMALAT S.P.A.
By: *[signature]*
Name: CALISTO TANZI
Title: CHAIRMAN

We, BANCA INTESA S.p.A., (Parma) certify that the above signature is that of Mr. Calisto Tanzi who is duly empowered to contractually obligate Parmalat S.p.A., (Italy)

*[signature]*
Name:
Title:

Endorsement: Discount on a without recourse basis.
Pay to the order of ABN Amro Bank N.V.

*[signature]*
Archer Daniels Midland Company
Name: John D. Longwell
Its: Authorized Signatory

*[signature]*
Archer Daniels Midland Company
Charles P. Archer
Treasurer