# EXHIBIT 9

Case 1:07-cv-07413-PKC   Document 19-12   Filed 06/03/2008   Page 1 of 8

DOC 16

|  |  |
|---|---|
| Attorney UMBERTO SERRA<br>Via Mentana 41, PARMA 43100<br>Tel. 0521 774246 | [Revenue stamp]<br>[Stamp: Civil and<br>Criminal Court of Milan] |

## COURT OF PARMA

## BANKRUPTCY SECTION

**EXTRAORDINARY ADMINISTRATION PROCEDURE**

**FOR PARMALAT S.P.A., NO. 271/2003**

**BANKRUPTCY JUDGE: VITTORIO ZANICHELLI**

**EXTRAORDINARY COMMISSIONER: ENRICO BONDI**

**PROOF OF DEBT CLAIM NO. 03711**

**REQUEST FOR ACCESS TO AND COPIES OF DOCUMENTS**

FEES [illegible]
X [illegible]
OR CERTIFICATE
WITH REVENUE
STAMPS € 6.20
PARMA  SEPT. 14, 200
SIGNATURE [signed]

*(Maria Paola Pelagatti)*

COURT OF PARMA
Filed on
SEPT. 6, 2004
The Clerk
[signed]

The **New York Branch of ABN AMRO BANK N.V.**, (hereinafter "**ABN**"), represented and defended by Attorneys Cesare Vecchio, Giuseppe Curtò, and Umberto Serra

### WHEREAS

**1.** By a claim filed on June 4, 2004 at the Parma Court Registry, the claimant filed a request for the inclusion of an overall amount of € 8,071,025.00 on the schedule of liabilities in the Parmalat S.p.A. Extraordinary Administration Proceeding.

**2.** The claim held against Parmalat S.p.A. has its origin in a guarantee of payment issued by Parmalat S.p.A. on March 27, 2003, for the amount of USD 9,999,999.91, equal to € 8,071,025, provided in relation to a promissory note issued on the same date by Wishaw Trading S.A. (hereinafter "**Wishaw**"), with an expiration date of March 19, 2004, based on the loan made available to it by ABN in March 2003, aimed at allowing Wishaw to purchase a delivery of agricultural products from the Archer Daniels Midland Company.

The cited promissory note, which was originally issued by Wishaw in favor of the supplier Archer Daniels Midland Company, was subsequently

Law offices associated with
FRESHFIELDS BRUCKHAUS DERINGER
Via dei Giardini 7, Milan 20121 – Tel. 02 625301 – Fax 02 62530800

transferred to ABN, and Archer Daniels Midland received the relevant payment (Doc. 2 of the Proof of Debt Claim).

**3.** On July 29, 2004, the Extraordinary Commissioner of the Parmalat S.p.A. Extraordinary Administration Proceeding filed the preliminary list of creditors to be listed on the schedule of liabilities at the Court of Parma, with a negative opinion regarding the inclusion of ABN's claim, arguing that the security provided as grounds for the request is unenforceable in the Parmalat S.p.A. Extraordinary Administration Proceeding, pursuant to Art. 45 of the Bankrupty Law and Art. 2704 of the Civil Code.

**4.** In the memorandum accounts item of the consolidated accounting schedules for the Parmalat group's operations in the January-June 2003 period (**which undoubtedly has a certified date pursuant to Art. 2704 of the Civil Code**), the aggregate value of the guarantees provided by the companies in the Parmalat group is shown, equal to 93.538 million Euros. It is clear that such an item must be based on proper accounting records (which are not mandatory, however), such as the Surety Book or entries which identify potential exposure to be indicated under memorandum accounts, which contain the detailed indication of the guarantees provided by Parmalat S.p.A., from which the aggregate value shown in the cited consolidated accounting schedules were taken, along with the guarantees provided to the Parmalat group by other companies.

**5.** As a creditor of Parmalat S.p.A., ABN has a direct and ongoing interest in reviewing and making a copy of the documentation contained in the files of the Extraordinary Administration Proceeding, in order to verify its correspondence with the value indicated in the cited consolidated accounting schedules, and thus to provide a certified date for the guarantee provided by Parmalat S.p.A. to the instant claimant, pursuant to Art. 2704 of the Civil Code.

*     *     *

For these reasons, the instant claimant

**HEREBY REQUESTS**

that the Honorable Court allow it to review and make a copy of the documentation contained in the files of the Proceeding, which are cited as grounds for the indication of the aggregate value of the guarantees included under the memorandum accounts item of the consolidated accounting schedules for the Parmalat Group's operations in the January-June 2003 period, and specifically, the accounting entries which identify the potential [illegible] to be indicated under memorandum accounts.

Parma, September 6, 2004

Cesare Vecchio [signed]


Giuseppe Curtò


Umberto Serra

[signed]

           Signature certified true
           Parma, September 7, 2004
                [signed]

           The Director of the Registry
           (Vittori [illegible] Di Sanza)
           [signed]


           True copy of the original
           Parma, SEPT. 14, 2004
           THE CLERK C1
           *Maria Paola Pelagatti*
           [signed]
      [Stamp: Civil and
      Criminal Court of Parma]


TRANSPERFECT

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BERLIN
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBAI
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
PHOENIX
PORTLAND
RESEARCH TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Liesse-Marie Slemon, hereby certify that the following is, to the best of my knowledge and belief, a true and accurate translation of the document: "doc 16 istanza 6_09_04 ABN AMRO NY_EN" from Italian into English.

*Liesse-Marie Slemon*
Signature

Sworn to before me this
May 27, 2008

_____
Signature, Notary Public

Katharine L Perekslis
Notary Public, State of New York
No. 01PE6181423
Qualified in QUEENS County
Commission Expires Jan 28, 2012

_____
Stamp, Notary Public

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016   T 212.689.5555   F 212.689.1059   WWW.TRANSPERFECT.COM


Avvocato UMBERTO SERRA
Via Mentana, 41 - 43100 PARMA
Tel    0521 774246

DOC 16

# TRIBUNALE DI PARMA

## SEZIONE FALLIMENTARE

PROCEDURA DI AMMINISTRAZIONE STRAORDINARIA

DI PARMALAT S.P.A. N. 271/2003

GIUDICE DELEGATO: DOTT. VITTORIO ZANICHELLI

COMMISSARIO STRAORDINARIO: DOTT. ENRICO BONDI

DOMANDA DI INSINUAZIONE AL PASSIVO N. 03711

## ISTANZA DI ACCESSO E DI ESTRAZIONE DI COPIA DI DOCUMENTI

La ABN AMRO Bank N.V., Filiale di New York (in seguito *ABN*) rappresentata e difesa

dagli avvocati Cesare Vecchio, Giuseppe Curtò e Umberto Serra

### PREMESSO CHE

1. Con atto depositato in data 4 giugno 2004 presso la Cancelleria del Tribunale di Parma l'istante ha presentato domanda di insinuazione al passivo nell'ambito della Procedura di Amministrazione Straordinaria di Parmalat S.p.A. per il complessivo importo di € 8.071.025,00.



2. Il credito della istante nei confronti di Parmalat S.p.A. trae origine da una garanzia per avvallo rilasciata da Parmalat S.p.A. in data 27 marzo 2003 per un importo di USD 9.999.999,91, pari all'importo di € 8.071.025, in relazione ad una *promissory note* (cambiale) emessa in pari data da Wishaw Trading S.A. (in seguito, Wishaw), con scadenza in data 19 marzo 2004, ad evidenza del finanziamento messo a sua disposizione da ABN nel marzo 2003, diretto a consentire a Wishaw l'acquisto dalla Archer Daniels Midland Company di una fornitura di prodotti agricoli.

La predetta *promissory note*, originariamente rilasciata da Wishaw a beneficio della fornitrice Archer Daniels Midland Company, venne successivamente da quest'ultima

MI195600 / 6+ 777777-7777

1

girata ad ABN ricevendone il relativo pagamento (doc. 2 della domanda di insinuazione al passivo).

3. In data 29 luglio 2004 il Commissario Straordinario della Procedura di Amministrazione Straordinaria di Parmalat S.p.A. ha depositato presso il Tribunale di Parma la lista provvisoria dei creditori ammessi allo stato passivo, esprimendo parere negativo in merito all'ammissione del credito vantato da ABN, atteso che il titolo posto a fondamento della domanda sarebbe inopponibile alla Procedura ex artt. 45 l.f. e 2704 c.c..

4. Alla voce conti d'ordine dei prospetti contabili consolidati relativi alla gestione del gruppo Parmalat nel semestre gennaio-giugno 2003 (**che ha senza dubbio data certa ex art. 2704 c.c.** ) è riportato il dato aggregato del valore totale delle garanzie prestate dalle società del gruppo Parmalat per l'importo di 93,538 milioni di Euro. Appare evidente che una tale posta debba fondarsi su conformi scritture contabili (non obbligatorie), quali il libro fideiussioni o le scritture che individuano le esposizioni potenziali da indicare in conti d'ordine, che contengono l'indicazione dettagliata delle garanzie rilasciate da Parmalat S.p.A. da cui è tratto, unitamente alle garanzie prestate dalle altre società del gruppo Parmalat, il valore aggregato riportato nei predetti prospetti contabili consolidati.

5. Quale creditrice di Parmalat S.p.A. ABN ha un interesse diretto ed attuale alla consultazione ed estrazione di copia della documentazione contenuta nel fascicolo della Procedura di Amministrazione Straordinaria della predetta società al fine di verificarne la corrispondenza con il valore indicato nei summenzionati prospetti contabili consolidati e quindi di conferire data certa ex art. 2704 c.c. alla garanzia rilasciata da Parmalat S.p.A. alla società istante.

\* \* \*

Tutto ciò premesso l'istante

**CHIEDE**

2

...o Ill.mo Giudice Delegato di poter prendere visione ed estrarre copia della ...entazione contenuta nel fascicolo della Procedura e posta a fondamento ...icazione del valore aggregato delle garanzie contenuto alla voce conti d'ordine dei ... contabili consolidati relativi alla gestione del gruppo Parmalat nel semestre ...giugno 2003, e specificamente delle scritture contabili che individuano le ...oni potenziali da indicare in conti d'ordine.

Parma, 6/9/2004

...are Vecchio

...iseppe Curtò

...erto Serra

Visto, si autorizza

Parma, 7.9.04

Direttore di Cancelleria
(Di Sanza Vittorio)

Per copia conforme all' originale
Parma, 14 SET. 2004
IL CANCELLIERE C1
Maria Paola Felagatti

