```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re

PARMALAT FINANZIARA S.p.A., et al.,

        Debtors in a Foreign Proceeding.
-----------------------------------------------------------x
ABN AMRO BANK N.V.,

        Appellant,
    v.

PARMALAT FINANZIARA S.p.A.,

        Appellees.
-----------------------------------------------------------x

Bankruptcy Court
Case No. 04-14268 (RDD)

07 Civ. 7413 (PKC)

ORDER

P. KEVIN CASTEL, U.S.D.J.

       A one-page guarantee of an obligation in the amount of $9,999,999.91 lies at the heart of this appeal. The guarantee purports to be dated March 27, 2003 and signed by the Chairman of Parmalat S.p.A. ("Parmalat"). It is witnessed by an officer of a bank. It incorporates New York law and is written in English.

       For over a year, an appeal has been pending from an Order of the Bankruptcy Court granting an injunction against, inter alia, a New York state court action seeking to enforce the guarantee against Parmalat. Parmalat's counsel has touted the importance of the doctrine of data certa, reflected in Article 2704 of the Italian Civil Code, in ensuring that a debtor is not subjected to fraudulent and backdated documents. The Italian Court in Parma has ruled that the date of execution has not been satisfactorily proven under Article 2704. Parmalat's counsel has argued that the Parma Court provides for just treatment of creditors and is entitled to have its rulings honored under principles of comity. 11 U.S.C. § 304.

Yesterday, in a written Order, I posed the simple question whether Parmalat's counsel in this action "has a good faith basis to admit or deny execution on or about the date the guarantee bears. . . ." I now learn that this will require the conduct of "a reasonable inquiry" by the law firm and this will take time. Implicit in the response is that the law firm has not conducted such an inquiry heretofore and does not presently have a good faith basis to admit or deny execution. I am informed that the ability to conduct the inquiry is "impeded due to the fact that many key Parmalat personnel are still on, or have just returned from, extended summer holidays." Counsel has also raised her own scheduling difficulties.

I will give counsel until 10 a.m. on September 16 to respond to the inquiry. If counsel is unable to respond, I will assume that the status quo continues—that the law firm remains without a good faith basis to either admit or deny execution of the guarantee on or about the date it bears.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 3, 2008